KRISTIAN BECKETT (ISB #8731)
FRANK SCHREIBER (ISB# 10197)
BECKETT LAW FIRM
8752 W. Overland Rd. Ste. 110
Boise, Idaho 83709
Phone: (208) 899-9095
Fax:     (425) 222-2215
kristian@beckettlegal.com
frank@beckettlegal.com
*Co-Counsel Attorney for Petitioner*

LYNDON P. NGUYEN (ISB #8467)
NGUYEN LAW, PLLC
455 E Danika Ln
Garden City, Idaho 83714
Phone: (208) 914-5137
lyndonlegal@gmail.com
*Co-Counsel Attorneys for Petitioner*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
### Boise Idaho Division

| | |
|---|---|
| E.F., a minor child (the "Student) by and through their parents and legal guardians, J.F. and K.F., <br><br> Plaintiffs, <br>   vs. <br><br> KUNA JOINT SCHOOL DISTRICT NO. 3, <br><br> Defendant. | Civil Action No.: <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiffs, E.F. a minor, by and through his parents and legal guardians J.F. and

K.F., parent of a child with a disability, by and through their attorneys of record, Beckett

Law Firm and Nguyen Law PLLC, and do hereby request relief from this court, through

this civil action, in accordance with the laws of the United States, as set forth under 20 U.S.C. § 1415(i)(2)(A).

## JURISDICTIONAL STATEMENT

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and U.S.C. § 1343 (civil rights).

2. Plaintiffs' claims arise under 20 U.S.C. § 1415(i)(3)(A) of the Individuals with Disabilities Education Act (IDEA).

3. The IDEA provides concurrent jurisdiction pursuant to 20 U.S.C. 1415 (i)(2) and (3)(A), 1415(l); 34 CFR § 300.516(a).

4. Plaintiffs are seeking review of an agency order which was entered on November 17, 2025 pursuant to Idaho State Department of Education administrative law Case No. H-25-05-19a. A true and correct copy of the Decision, appealed here, is attached to this complaint as Exhibit "A" and incorporated herein by reference.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant Kuna Joint School District No. 3 resides in Kuna, Ada County, State of Idaho.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to this action occurred in Kuna, Ada County, State of Idaho.

## IDENTIFICATION OF PARTIES

PLAINTIFFS

7. J.F. and K.F. are the parents and legal guardians of E.F.

8. J.F. and K.F. are residents of Ada, County, State of Idaho.

9. J.F. and K.F. are entitled to the protections and procedures under the IDEA and as parents or guardians advocating on E.F.'s behalf.

10. E.F. is a child with a disability as defined under the Individuals with Disabilities in Education Act (IDEA).

11. E.F. has diagnoses of Disruptive Mood Dysregulation Disorder (DMDD), generalized anxiety disorder with selective mutism and social anxiety, separation anxiety disorder, and autism spectrum disorder.

12. E.F.'s disabilities substantially limit his major life activities including, but not limited to, the following:

 a. interacting with others,

 b. brain function,

 c. concentrating,

 d. communicating, and

 e. caring for himself.

13. E.F. was determined to be eligible for special education under the disability category of Other Health Impairment in his kindergarten year.

14. E.F. has been on an Individualized Education Program (IEP) from kindergarten through the present time.

<u>DEFENDANT</u>

15. Kuna Joint School District No. 3, is under the direct supervision and control of the State Board of Education and Idaho State Department of Education. *See* I.C. § 33-116.

16. Kuna Joint School District No. 3, is a body corporate and politic, and is a duly constituted school district or LEA of the State of Idaho, pursuant to Idaho Code § 33-301 *et. seq.*,

17. Kuna Joint School District No. 3, is located in Ada County, Idaho with its principal offices located at 711 E. Porter St., Kuna, Idaho 83634.

18. Kuna Joint School District No. 3, receives federal financial assistance by way of the State Department of Education.

19. Kuna Joint School District No. 3, is responsible for complying with state laws relating to providing students within its geographical boundaries with a free public education.

20. Kuna Joint School District No. 3, is responsible for complying with federal and state laws relating to the implementation of rules to ensure that all students within its geographical boundary are provided a free and appropriate public education (FAPE).

21. Kuna Joint School District No. 3, is responsible for complying with federal laws relating to providing students with disabilities FAPE, as defined by the IDEA.

22. Kuna Joint School District No. 3, is responsible for providing students with disabilities, as defined by the Individuals with Disabilities in Education Act, FAPE in the least restrictive environment (a.k.a "LRE").

## FACTUAL ALLEGATIONS

23. E.F. is a child with a disability protected under the IDEA, Section 504 and the ADA, including other related federal and state disability laws.

24. E.F. is eight years old;

25. E.F. qualifies for special education under the IDEA.

26. Kuna School District identified "Other Health Impairment" ("OHI") is A.H's qualifying disability for special education under the IDEA.

27. E.F. attended Crimson Point Elementary School in the Kuna School District during the 2023-24 and 2024-25 school years and was on an Individualized Educational Program ("IEP").

28. The Kuna School District determined that the Least Restrictive Environment (a.k.a "LRE") for E.F. was to be a full-time student and spent 86.1% of the time in the general education classroom with emotional/behavioral supports in the general education classroom or school environment.

29. At the beginning of E.F.'s time at Crimson Point Elementary School, E.F. had minimal behavior incidents with 1-1 supports.

30. In 2024, when the Kuna School District reduced E.F.'s 1-1 supports, E.F. started to have an increase in behavioral incidents at school.

31. On or about March 27, 2025, E.F. allegedly violated a District Policy under the Kuna School District's Code of Student Conduct.

32. E.F.'s conduct on or about March 27, 2025 resulted in disciplinary action, resulting in a 3-day suspension beginning March 28, 2025 and ending April 1, 2025, imposed by the Kuna School District.

33. The 3-day suspension was imposed following prior school disciplinary decisions which resulted in 7 suspension days.

34. Under the IDEA, when a child has a pattern of behavior which results in a

removal from school, the local educational agency is obligated to conduct a manifestation determination (a.k.a. "MDR") prior to imposing school discipline.

35. Since a manifestation determination review (MDR) could not be scheduled until April 3, 2025, the parents and school district agreed to distance learning for two days until the MDR and an IEP meeting could be held.

36. J.F. and K.F. were not aware of the limitations placed on school districts under the IDEA related to removing a child with disabilities from their educational placement and were not informed that E.F. was entitled to be at school if they did not agree to the distance learning proposal offered by the District.

37. On or about April 3, 2025, and manifestation determination review (MDR) was conducted and the Kuna School District determined that the Student's behavior related to the incident on or about March 27, 2025 was not a manifestation of the Student's disability.

38. Given that the Student had already served the 3-day suspension, the Student should have been immediately returned to school in the Student's current educational placement, was to be a full-time student and spent 86.1% of the time in the general education classroom with emotional/behavioral supports in the general education classroom or school environment.

39. Rather than return E.F. back to school after serving the 3-day suspension, the Kuna School District unilaterally determined that the Student would remain in distance learning at home, requiring parent to provide education to E.F. using online resources, until the next IEP meeting.

40. Prior to determining E.F.'s educational placement as distance learning or homebound, Kuna Joint School District No. 3 did not talk to or consult with J.F. and K.F.

41. Kuna Joint School District No. 3 did not assess E.F. to determine whether he was able to do distance learning.

42. Kuna Joint School District No. 3 did not assess E.F. to determine whether he was capable of participating in an online education environment.

43. Kuna Joint School District No. 3 did not provide E.F. all of his services while he was being educated in the home or distance learning environment.

44. Kuna Joint School District No. 3 effectively extended E.F.'s suspension from three (3) days to seventeen (17) days without providing due process of law.

45. At the next IEP meeting on or about April 14, 2025, the Kuna School District predetermined that E.F.'s placement would be in the homebound setting, where the parent would teach the Student at home, through the end of the current school year.

46. Kuna Joint School District No. 3, through the use of homebound education and/or distance learning placement constructively expelled E.F. for the remainder of the 2024/2025 school year because he was excluded from attending school in person without providing due process of law.

47. Kuna Joint School District No. 3 did not have or possesses any evidence that E.F. could physically not attend school in-person.

48. Kuna Joint School District No. 3 did not have or possesses any evidence that E.F. was medically unable to attend school in-person.

49. J.F. and K.F. objected to the Kuna School District's offer of FAPE placing

E.F. in the homebound setting.

50. Under Idaho law, a homebound placement is only available if a Student is unable to attend school due to a medical condition.

51. E.F. does not have a medical condition that prevents E.F. from attending school in-person with non-disabled peers.

52. On May 19, 2025, J.F. and K.F., filed for due process and requested determination of whether the Kuna Joint School District No. 3 improperly placed E.F. in homebound or distance learning, unilaterally removing E.F. from attending in-school with nondisabled peers and forcing J.F. and/or K.F. to teach E.F. at home or make other arrangements to teach E.F. outside of the school setting.

53. On August 15, 2025, J.F. and K.F filed a motion requesting an order for stay-put allowing the Student to return to the last-agreed upon placement, which was in-school, full-time with non-disabled peers, pending the resolution of the hearing.

54. On September 7, 2025, Hearing Officer Judson Tolman denied Parent's request for stay-put placement, holding that the Student's stay-put placement was the homebound placement unilaterally offered by the District where E.F. would remain at home, out of school, and receive online instruction from the J.F. and/or K.F.

55. The Kuna Joint School District No. 3 refused to provide K.F. with a complete copy of E.F.'s educational records even after multiple requests.

56. Even upon filing a motion to compel the production of E.F.'s educational records, Hearing Officer Judson Tolman denied Parents' request to compel the District to provide copies of the Student's educational records, holding that only records that are

printed and filed in a physical filing cabinet constitute educational records that must be disclosed.

57. On September 18, 19, 22, 23, 24, and October 8, 2025; a due process hearing was convened in Kuna, Idaho.

58. On November 17, 2025, Hearing Officer Judson Tolman issued the Idaho State Department of Education decision on J.F. and K.F.'s claims under IDEA.

59. As a result of Kuna Joint School District's action and exclusion of E.F. from school, E.F. has remained out of school and has received no education from the Kuna Joint School District since March 28, 2025 resulting in academic loss, emotional distress, and a deprivation of E.F.'s protected property interest in a free public education.

## **CLAIM NO. 1 – REVIEW OF H-25-05-19a**

60. J.F. and K.F. does hereby reassert all preceding paragraphs as if specifically set forth herein verbatim.

61. J.F. and K.F. request this court review all decisions and orders entered in H-25-05-19a.

62. J.F. and K.F. assert that the Decision rendered in H-25-05-19a was not based upon a careful and impartial consideration of all the evidence.

63. J.F. and K.F. assert that the Decision rendered in H-25-05-19a failed to consider all of the evidence presented.

64. J.F. and K.F. assert that the Decision rendered in H-25-05-19a is the result of erroneous conclusions of law.

65. J.F. and K.F. assert that the Decision rendered in H-25-05-19a failed to consider or appropriately apply relevant precedent to the facts considered.

66. J.F. and K.F. assert that the Decision rendered in H-25-05-19a failed to consider that a general education in school is the primary educational placement for all children.

67. J.F. and K.F. assert that the Decision rendered in H-25-05-19a failed to consider that the IDEA has a mandate to mainstream children with disabilities.

68. J.F. and K.F. assert that the Decision rendered in H-25-05-19a failed to consider that the IDEA requires "[t]o the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are not disabled, and special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily." 20 U.S.C. § 1412(a)(5)(A).

69. J.F. and K.F. assert that the Decision rendered in H-25-05-19a failed to consider that Kuna Joint School District No. 3 did not provide appropriate supplementary aids and services so that E.F. could be educated in the general education setting to the maximum extent appropriate.

70. J.F. and K.F. assert that the main issue in H-25-05-19a was whether Kuna Joint School District No. 3 denied E.F. a free and appropriate public education by

refusing to allow E.F. to return to in-school education after serving the three-day suspension.

71.  J.F. and K.F. assert that the Decision rendered in H-25-05-19a blatantly misstated the law regarding whether moving a student from in-school educational placement with 86.1% of his educational day in the general education setting to homebound or distance learning is a change of placement under the IDEA.

72.  J.F. and K.F. assert that the hearing officer erred in failing to order compensatory education for the missed education from April 3 through the date of the decision on November 17, 2025.

73.  J.F. and K.F. assert that the hearing officer erred in holding that the Student's stay-put placement is the unilateral placement decided by the Kuna Joint School District No. 3 rather than the last agreed upon placement and last IEP as required by the IDEA and defined by the 9th Circuit.

74.  J.F. and K.F. request this court enter an order awarding attorneys fees and costs as allowed pursuant to 20 USC 1415(i)(3)(B); 34 CFR §300.517(a)(1)(i).

## CLAIM NO. 2 – SECTION 504/ADA DISCRIMINATION

75.  J.F. and K.F. does hereby reassert all preceding paragraphs as if specifically set forth herein verbatim.

76.  E.F. is a qualified individual with a disability pursuant to 42 U.S.C §12131(2).

77.  Under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act, Kuna Joint School District No. 3 is required to provide regular or special

education and related aids and services to meet the individual educational needs of students with disabilities as adequately as the needs of non-disabled students.

78. J.F. and K.F. assert that the Kuna Joint School District No. 3 has discriminated against E.F. based on E.F.'s disabilities.

79. Kuna Joint School District No. 3 has denied E.F. the right to a FAPE in the least restrictive environment as required by Section 504.

80. Kuna Joint School District No. 3 discriminated against E.F. based on Student's disability by unilaterally extending distance learning, preventing the Student from returning to school and effectively extending the Student's suspension from school, since non-disabled students would not be prevented from returning to school after serving a suspension.

81. Kuna Joint School District No. 3 discriminated against E.F. based on Student's disability by offering homebound placement to exclude the Student from attending school for the remainder of the school year.

82. Kuna Joint School District No. 3 has excluded E.F. from and denied E.F. equal access to school, education, services.

83. Kuna Joint School District No. 3 has acted with deliberate indifference in denying E.F. an equal opportunity to attend school to receive an education.

## CLAIM NO. 3 – 42 U.S.C. §1983

84. J.F. and K.F. does hereby reassert all preceding paragraphs as if specifically set forth herein verbatim.

85. Under Idaho law, E.F. is entitled to a public education, which constitutes a property interest protected by the due process clause of the Fourteenth Amendment.

86. Kuna Joint School District No. 3 unilaterally extended E.F.'s suspension on April 4, 2025, effectively or constructively resulting in a permanent expulsion from school.

87. Kuna Joint School District No. 3, acting under color of state law, deprived E.F of the property interest of a public education without due process of law by failing to provide adequate notice and hearing.

88. Kuna Joint School District's failure to implement processes and procedures prior to excluding E.F. from school were insufficient under the standards set forth in *Goss v. Lopez*, 419 U.S. 565 (1975).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Issue an order reversing the hearing officers decision in H-25-05-19a;

B. Issue an order compelling Kuna Joint School District No. 3 to provide Plaintiff with an appropriate educational program in the least restrictive environment appropriate to meet his needs in accordance with 20 U.S.C. section 1412(a)(5);

C. Issue an order compelling District to provide Student with compensatory educational services for the education which was denied E.F. during the 2024/2025 academic school year.

D. Issue an order that the Kuna Joint School District No. 3 discriminated against E.F. based on Student's disability, awarding compensatory damages for the loss of educational opportunity and emotional distress.

E. Issue an order awarding attorneys' fees and costs incurred in litigating both the administrative due process complaint and the instant action pursuant to 20 U.S.C. § 1415(i)(2)(B); and,

F. An Order awarding such other and further relief as the Court deems just and proper.

DATED this 29th day of December, 2025.

BECKETT LAW FIRM

*[signature]*

Kristian Beckett,
Attorney and Co-Counsel for Plaintiffs