KRISTIAN BECKETT (ISB #8731)
FRANK SCHREIBER (ISB# 10197)
BECKETT LAW FIRM
8752 W. Overland Rd. Ste. 110
Boise, Idaho 83709
Phone: (208) 899-9095
Fax: (425) 222-2215
kristian@beckettlegal.com
frank@beckettlegal.com
*Co-Counsel Attorney for Petitioner*

LYNDON P. NGUYEN (ISB #8467)
NGUYEN LAW, PLLC
455 E Danika Ln
Garden City, Idaho 83714
Phone: (208) 914-5137
*lyndonlegal@gmail.com*
*Co-Counsel Attorneys for Petitioner*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**
Boise Idaho Division

| | |
|---|---|
| E.F., a minor child (the "Student) by and through their parents and legal guardians, J.F. and K.F.,<br><br>Plaintiffs,<br>vs.<br><br>KUNA JOINT SCHOOL DISTRICT NO. 3,<br><br>Defendant. | Case No.: 1:25-CV-00728-BLW<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE |

COMES NOW, Plaintiffs by and through counsel of record, and does submit the following memorandum of law in support of Plaintiffs Motion to Extend Time for Service of the summons and complaint as required under Rule 4(m).

**RELEVANT BACKGROUND.**

Plaintiff filed the Complaint on December 30, 2025.

Under Rule 4(m), the service deadline expired on March 30, 2026.

Plaintiff retained a professional process server on January 6, 2026 and provided service instructions and addresses for service on the same date.

Service was not completed within the Rule 4(m) period because the process server failed to calendar the service order and the matter did not get sent out for service.

On April 9, 2026 Counsel for Plaintiff contacted the process server to inquire as to the status of service on the Defendant and it was at that point that the error was discovered.

## LEGAL STANDARD

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court must dismiss without prejudice or "order that service be made within a specified time," and "if the plaintiff shows good cause," the court "must extend the time for service for an appropriate period." Plaintiff acknowledges that it was their responsibility to ensure that service of process is accomplished in accordance with the civil rules. Further Plaintiff acknowledges that the failure of service falls directly on plaintiff and that the facts presented do not rise to the level of "good cause" as there was, at minimum, neglect by plaintiff of ensuring that service was timely effected. Plaintiff requests this court issue an order extending the allowable time as permitted in its discretion.

The Ninth Circuit applies a two-step analysis: (1) if good cause is shown, the court must extend time; and (2) even if good cause is not shown, the court has discretion to extend time rather than dismiss. *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001).

In exercising Rule 4(m) discretion, courts may consider factors including "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Ninth Circuit has recognized two routes to extending time under Rule 4(m): a mandatory extension upon good cause and a discretionary extension even when good cause is not established. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Plaintiff acted diligently by retaining a professional process server within the service period, providing service materials and instructions, and attempting to complete service before the deadline. Plaintiff will not pass the buck to the Process Server in this situation however as the responsibility of ensuring service was completed timely rests with Plaintiff. The point of fact is that service was not effected promptly and that procedural error will result in harm to Plaintiff. To the extent relevant, dismissal without prejudice may effectively function as dismissal with prejudice due to the limitations period running to file judicial review, a factor courts may properly consider when deciding whether to extend time for service. *Efaw*, 473 F.3d at 1041. Dismissal will result in a bar to bringing the claims before the court for full consideration.

Ultimately Defendant will not be prejudiced by a short extension at this early stage because this is an administrative review, which will likely proceed without discovery, and will be decided by legal briefing on the record developed at the administrative hearing. The requested relief simply permits service to be completed so the case can proceed on the merits.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order extending the Rule 4(m) service deadline by thirty (30) days, through April 29, 2026.

DATED this 9th day of April , 2026.

BECKETT LAW FIRM

Kristian Beckett,
Attorney and Co-Counsel for Plaintiffs