UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| E.F. a minor child (the "Student") by and through their parents and legal guardians, J.F. and K.F., <br><br> Plaintiffs, <br><br> v. <br><br> KUNA SCHOOL DISTRICT #3("the District"), <br><br> Defendant. | Case No. 1:25-cv-00728-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiffs' Motion to Extend Time for Service (Dkt. 5) and Defendant's Motion to Dismiss (Dkt. 7). For the reasons set forth below, the Court will grant Plaintiffs' motion to extend time for service and deny the motion to dismiss for late service.

## BACKGROUND

On December 30, 2025, Plaintiffs J.F. and K.F., the parents of E.F., a child with a disability, filed this action against Defendant Kuna School District No. 3, alleging the District denied E.F. a free and appropriate public education under the Individuals with Disabilities Education Act, or IDEA, among other claims. Under Federal Rule of Civil Procedure 4(m), the time for service expired on March 30, 2026. Plaintiffs missed the service deadline. According to Plaintiffs, their process server failed to calendar the service order, and nobody noticed until April 9, 2026. Plaintiffs filed a motion to extend

**MEMORANDUM DECISION AND ORDER - 1**

time to effect service that same day and completed service the next day, April 10, 2026. The District now moves to dismiss for late service under Rules 4(m) and insufficient service under Rule 12(b)(5).

## LEGAL STANDARD

Rule 4(m) requires a plaintiff to serve the summons and complaint within 90 days after the complaint is filed. If service is not made within that time, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* A defendant may challenge untimely service by motion under Rule 12(b)(5).

The Ninth Circuit applies a two-step analysis in considering a motion to dismiss for untimely service: "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (cleaned up). Good cause requires a showing of at least "excusable neglect." *Id. See also Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Absent good cause, the court's discretion is broad, *Sheehan*, 253 F.3d at 513, and may be informed by factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service," *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation omitted). If the court declines to extend the time for service, it must dismiss the complaint without prejudice. *See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

MEMORANDUM DECISION AND ORDER - 2

## ANALYSIS

Plaintiffs concede they cannot show good cause. They acknowledge that responsibility for timely service rested with them and that the facts reflect, at a minimum, neglect on their part. *Pl.'s Mem.* at 2, Dkt. 5-1. That resolves the first step of the *Sheehan* analysis: no mandatory extension is required. The remaining question is whether the Court should exercise its discretion to extend the time for service rather than dismiss. It will, because the discretionary factors identified in *Efaw* all point toward an extension.

Most significantly, a dismissal without prejudice would likely operate as a dismissal with prejudice. The Complaint includes an appeal from an IDEA due process decision, and the limitations period for seeking judicial review has run. The District responds that a statute of limitations bar is only one factor and does not by itself require an extension. *Def.'s Opp'n* at 5-6, Dkt. 8. True enough. But it remains a weighty consideration, particularly given the strong policy favoring resolution of claims on their merits—a policy that carries added force where the claims concern the education of a child with a disability.

The remaining factors also favor Plaintiffs. The District had actual notice of the dispute—it litigated the underlying due process hearing, and both sides have been represented by counsel throughout—and it was served on April 10, 2026, eleven days after the deadline. Plaintiffs moved to extend the time for service the same day they discovered the problem and completed service the following day. The delay was brief and promptly cured. Nor has the District identified any prejudice attributable to the delay itself. It argues that the Complaint joins Section 504, ADA, and § 1983 claims that will

MEMORANDUM DECISION AND ORDER - 3

require discovery and may involve a jury. But those are the ordinary burdens of defending the claims on the merits—burdens the District would bear even if service had been timely. An eleven-day delay did not impair the District's ability to defend this case.

The District correctly observes that Plaintiffs supported their motion with unsworn factual assertions about their process server rather than a declaration, as contemplated by Local Civil Rule 7.1(b)(2). The Court has not relied on those assertions. They bear principally on good cause, which Plaintiffs concede they cannot establish. The considerations that drive the Court's discretionary analysis—the dates of filing, the motion, and service; the limitations consequence of dismissal; and the District's notice and participation—are all apparent from the record.

Finally, the District's opening memorandum relied on out-of-circuit authority describing dismissal as mandatory absent good cause. That is not the law of this circuit, as the District acknowledges in its reply. *See Sheehan*, 253 F.3d at 512–13; *Def.'s Reply* at 2, Dkt. 10. Because the Court will extend the time for service nunc pro tunc to April 10, 2026, service was timely, and the motion to dismiss under Rules 4(m) and 12(b)(5) will be denied.

## ORDER

**IT IS ORDERED that:**

1.    Defendant's Motion to Dismiss (Dkt. 7) is **DENIED**.

2.    Plaintiffs' Motion to Extend Time for Service (Dkt. 5) is **GRANTED**. The time for service is extended nunc pro tunc to April 10, 2026, and service effected on that date is deemed timely.

MEMORANDUM DECISION AND ORDER - 4

DATED: June 24, 2026



_____
B. Lynn Winmill
U.S. District Court Judge